IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BANKS, | : |
| | : |
| Plaintiff, | : CIVIL NO. 4:CV-07-1809 |
| | : |
| v. | : (Judge Jones) |
| | : |
| CHESTER COUNTY COURTS, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

**October 11, 2007**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This pro se civil rights action was commenced via the filing of a Complaint pursuant to 42 U.S.C. § 1983 by Plaintiff Robert Banks ("Plaintiff" or "Banks"), an inmate confined at the State Correctional Institution, in Graterford, Pennsylvania ("SCI-Graterford").[1]  (Rec. Doc. 1).  Plaintiff has also submitted an in forma pauperis application.[2]  (Rec. Doc. 2).  For the reasons set forth below, Banks' action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. §

---

[1] The docket indicates that Plaintiff may be presently housed at the Fayette State Correctional Institution, in LaBelle, Pennsylvania.

[2] Banks completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.  The Court then issued an Administrative Order directing the Warden of the prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1915.

Named as Defendants are the Chester County Court of Common Pleas, and the following Chester County officials: Judge Riley, District Attorney Frei, and Probation Officer Kristen Brown. Banks initially notes that "this is not a prison issue this is a court procedure problem." (Rec. Doc. 1, ¶ III, 8(c)). Plaintiff indicates that he is presently serving a two and one half (2 ½ ) to three (3) year sentence, which was imposed by the Chester County Court of Common Pleas.[3] Banks' Complaint challenges the legality of his conviction on the ground that it was obtained through the use of "vague and untrue statements as trump up charges." Id. at ¶ V. He also contends that his criminal sentence was excessive because it was "out of my guidelines." Id. As relief, Banks requests that he "be set free." Id. at ¶ VI. Plaintiff also asks to be awarded punitive damages.

## DISCUSSION:

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Specifically, the statute provides:

---

[3] It is noted that SCI-Graterford and Chester County are both located within the confines of the United States District Court for the Eastern District of Pennsylvania.

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[4] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Id. "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary

---

[4] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Moreover, inmates may not use § 1983 civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).  See also Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985) (recognizing that civil rights claims seeking release from confinement sound in habeas corpus).  As Banks' present allegations attack the legality of his Chester County conviction and sentence, under Preiser and Georgevich, his claims are not properly raised in this civil rights action.

Further, in Edwards v. Balisok, 520 U.S. 641, 646 (1997), the Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Id. at 646.  Pursuant to Edwards, Plaintiff's present claims for injunctive relief, especially his request to be released, are not properly raised in the instant action because a finding in his favor would imply that his state criminal prosecution is invalid.  See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008, at *2 (D.N.J. Aug. 16, 2005).

Turning to Plaintiff's request for punitive damages, we note that in Heck v.

Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Thus, Plaintiff's request for punitive damages is premature under Heck and Gibson because his present cause of action for monetary damages must be deferred until such time as his underlying state criminal prosecution may be rendered invalid.  In the event that Banks is able to successfully challenge his Chester County criminal conviction and sentence, under Heck, he could reassert his claim for damages in a properly filed civil rights complaint.

In conclusion, Plaintiff's Complaint is "based on an indisputably meritless legal theory," and it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.[5]  An appropriate Order shall enter.

---

[5]  Upon satisfaction of the exhaustion of the state court remedies requirement, Banks may challenge his Chester County conviction and sentence via a federal habeas corpus petition.